# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

EARL K. SHRINER, )
 )
          Plaintiff, )
 )
vs. ) Case No. 10-3201-JTM-KGG
 )
DAVID MCKUNE, )
 )
          Defendant. )
 )

## ORDER ON APPOINTMENT OF COUNSEL

By Order filed March 8, 2011 (Doc. 6), United States Senior District Judge Sam A. Crow granted Plaintiff's motion to proceed *in forma pauperis* (Doc. 2). Plaintiff subsequently filed his motion for appointment of counsel (Doc. 8) on March 29, 2011. The District Court also ordered the compiling of a *Martinez* report. (*See generally*, Doc. 6.) After entry of the *Martinez* report (Doc. 10) but prior to entering an order on Plaintiff's request for counsel, the matter was reassigned to District Judge J. Thomas Marten by Order dated May 6, 2011 (Doc. 11) and then referred to the undersigned Magistrate for all pretrial matters (Doc. 12, text entry).

Plaintiff then filed a second motion to appoint counsel on May 18, 2011 (Doc. 13). In the supporting memorandum, Plaintiff states that he is mentally handicapped, resulting from a childhood brain injury "which prevents him from reading and writing." (Doc. 14, at 1.) He contends that he "functions at a young childs [sic] level." (*Id.*) He also argues that because he "can barely express himself, there is absolutely no possible way he could ever comprehend or apply the intricacies of the federal legal system." (*Id.*, at 3.)

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); ***Castner v. Colorado Springs Cablevision***, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. ***Castner****,* 979 F.2d at 1421.

In considering the *Castner* factors, the Court has determined that Plaintiff, who is a prison inmate, has a limited ability to afford counsel. (*See* Doc. 6.) The Court sees no glaring concerns on the face of Plaintiff's federal court Complaint. (Doc. 1.) Although the Court has no indication that Plaintiff has engaged in any search for counsel – let alone a diligent search – the Court finds that requiring Plaintiff to do so would be futile given his current confinement and self-described mental "handicap." As such, the analysis will turn on the final *Castner* factor – Plaintiff's capacity to represent himself. 979 F.2d at 1420-21.

In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422. The Court notes that the factual and legal issues in this case are not unusually complex. *Cf.* ***Kayhill v. Unified Govern. of Wyandotte***, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex"). Further, although Plaintiff is not trained as an attorney, and while an attorney might present his case more effectively, this fact alone does not warrant appointment of counsel.

Even so, the Court finds a valid basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* in Courts throughout

the United States on any given day. Given Plaintiff's mental disability and pre-existing brain injury coupled with his declared illiteracy, the Court is satisfied that Plaintiff would be unable to adequately represent himself in this matter.

Accordingly, Mr. Michael Jones, a member of the Bar of this Court, whose address is Martin, Pringle, Oliver, Wallace & Bauer, 100 North Broadway, Suite 500, Wichita, Kansas 67202, telephone number (316) 265-9311, is hereby appointed to represent Plaintiff in this matter. Mr. Jones is informed by the Court that Defendant is represented by Kimberly M. J. Lynch and Mary D. Minear of the Office of the Attorney General - Topeka, 120 S.W. 10th Ave. - Second Floor, Topeka, KS 66612-1597, telephone number (785) 296-6244.[1] Mr. Jones is further informed that Defendant has recently filed a Motion for Summary Judgment (Doc. 18). Given the circumstances and timing of Mr. Jones' appointment, the Court encourages Mr. Jones to request from the District Court a motion for extension of time to respond to summary judgment.

**IT IS THEREFORE ORDERED** that Plaintiff's requests for appointment of counsel (Docs. 8, 13) are granted as set forth above, and Michael Jones is

---

[1] Kansas Department of Corrections is designated as an interested party in this matter. The Department is represented by Linden G. Appel, whose office is located in the Landon State Office Bldg., 4th Floor, 900 S.W. Jackson, Topeka, KS 66612, telephone number (785) 296-7721.

appointed to represent Plaintiff in this matter.

Dated at Wichita, Kansas, on this 1st day of June, 2011.

                                       S/ KENNETH G. GALE
                                       KENNETH G. GALE
                                       United States Magistrate Judge